

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*  *(302) 573-6277*
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

October 12, 2005

<u>**Via ECF**</u>

The Honorable Joseph J. Farnan, Jr.
United States District Judge
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

    Re:  <u>**United States v. Chevez Gale**</u>
           <u>**Criminal Action No. 05-72-JJF**</u>

Dear Judge Farnan:

    The Defendant has agreed to change his plea pursuant to the enclosed memorandum of plea agreement. The parties respectfully request that the Court set a date for a Rule 11 hearing.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                            BY:  /s/ Adam Safwat
                                        Adam Safwat
                                        Assistant United States Attorney

cc:  Natalie S. Woloshin, Esq. (Via ECF)
      The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-72-JJF |
| CHEVEZ C. GALE, | : | |
| Defendant. | : | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Natalie S. Woloshin, Esquire, attorney for the Defendant, CHEVEZ C. GALE, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with possession with intent to distribute mixtures and substances containing heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant possessed substances that contained heroin; (ii) the Defendant knew that he was in possession of controlled substances; and (iii) the Defendant intended to distribute the controlled substances.

2. The maximum penalties for Count One of the Indictment are twenty years imprisonment, a $1,000,000 fine, or both, at least three years of supervised release following any term of imprisonment, and a $100 special assessment.

3. The Defendant knowingly, voluntarily and intelligently admits that on or about July 23, 2005, the Defendant was in possession of 346 retail size bags of heroin and $1,205 in various denominations of currency. The net weight of the heroin is 10.2 grams. The Defendant further admits that he intended to sell the heroin in his possession.

4. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

5. Based on information known by the Government to date, at the time of sentencing the Government agrees to a three (3) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1, provided the Defendant's offense level is at least 16. If the Defendant's offense level is less than 16, the Government agrees to a two (2) level reduction in the offense level.

6. The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing.

7. If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Thus, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned

/ / /

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                            COLM F. CONNOLLY
                                                            United States Attorney

_____    BY:  _____
Natalie S. Woloshin, Esq.                          Adam Safwat
Attorney for Defendant                            Assistant United States Attorney

_____
Chevez C. Gale
Defendant

Dated: _____, 2005

* * *

        **AND NOW** this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                              _____
                                              THE HONORABLE JOSEPH J. FARNAN, JR.
                                              UNITED STATES DISTRICT JUDGE
                                              DISTRICT OF DELAWARE